*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-077

AUGUST TERM, 2011

| | |
|---|---|
| Francelle Bourgault-Zajac | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Windsor Unit, |
| | } Family Division |
| | } |
| Jeffrey Zajac | } DOCKET NO. 27-1-06 Wrdm |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Mother appeals an order of the superior court, family division, granting father's motion to modify and transferring sole legal and physical parental rights and responsibilities for the parties' children from mother to father. We affirm.

The parties have two daughters born in August 2002 and June 2005. Mother was awarded sole legal and physical parental rights and responsibilities following the parties' divorce in December 2006. Father was awarded regular parent-child contact.

In April 2009, father filed a motion to modify parental rights and responsibilities on the grounds that mother had repeatedly and falsely accused him of sexually abusing the children, thereby harming the children's emotional stability and undermining his relationship with them. After one continuance, a hearing was set for May 11, 2010, but on the day of the hearing the court received a telephone call indicating that mother was in the hospital. The trial court granted father's emergency motion for temporary custody. Two days of evidentiary hearings on father's motion to modify were held on June 23 and July 7, 2010, during which time both parties were represented by counsel. On July 19, 2010, following the close of evidence, mother, through counsel, sought to have the record reopened to allow her to obtain a psychiatric evaluation. The trial court granted the motion. As of September 16, 2010, neither the court nor any of the parties had received an evaluation, and so father moved for the court to close the evidence and render a final decision on his motion to modify. Two weeks later, on September 29, 2010, after holding a status conference attended by mother's counsel but not mother, the court granted father's motion to close the evidence on his motion to modify.

On October 19, 2010, mother filed a pro se motion to reopen the proceedings to present more evidence. Three days later, mother's counsel filed a motion to withdraw. The court granted the motion to withdraw on November 24, 2010. On November 30, 2010, the trial court asked the parties to respond to mother's motion to reopen the evidence. Counsel for the children objected to reopening the evidence, except to allow a court-appointed psychiatric evaluation of mother. Father's attorney also opposed the motion to reopen, noting that father had filed his motion to modify over eighteen months earlier. The trial court denied mother's motion to reopen and, on January 11, 2011, issued its decision granting father's motion to modify.

The court found that mother had made numerous, unsubstantiated claims that father had sexually abused the children, and that mother's conduct in this regard was harmful to the children and damaging to their relationship with their father. The court also found that mother's unstable mental condition was interfering with her judgment and her ability to act in the children's best interests. The court acknowledged the tension that exists between encouraging parents to report any suspected abuse of their children by the other spouse and recognizing that persistent, groundless allegations of abuse are harmful to the parent-child relationship. See Renaud v. Renaud, 168 Vt. 306, 310-11 (1998) (explaining that "[s]ociety has a strong interest in encouraging parents to take action if they suspect that their child is being abused," but "repeated uncorroborated and unfounded allegations of sexual abuse brought by [one parent] against [the other] cast serious doubt upon [the complaining parent's] fitness to be the custodial parent") (quotations omitted). The court emphasized that suspicions of sexual abuse must be reported and that mental illness is not necessarily a bar to caring for one's children, but that in this case the evidence demonstrated that mother's allegations of sexual abuse were groundless and were interfering with her judgment and having a negative impact on the children—not only concerning their relationship with father but also in other areas of their lives. For example, the court found that the older daughter had been tardy or absent 140 times in her three years of school while in mother's care.

The court concluded that these facts established a real, substantial, and unanticipated change in circumstances, 15 V.S.A. § 668, and that, considering the factors set forth in 15 V.S.A. § 665(b), transferring sole legal and physical parental rights and responsibilities to father was in the children's best interests. The court acknowledged that mother had been the children's primary caregiver, but concluded that this factor, though important, was not controlling in this case because of mother's harmful actions and was overridden by other factors favoring father. The court also noted that the children's attorney and their court-appointed guardian-ad-litem (GAL) favored transferring parental rights and responsibilities to father.

In her pro se appeal of the trial court's order, mother submits a disjointed narrative stating her version of the facts and proceedings in the case. She neither sets forth discrete claims of error supported by references to the record nor indicates how the issues she raises were preserved, as required by our rules. See V.R.A.P. 28(a). Nor has she ordered a transcript of the proceedings, even though many of the issues that she raises in her brief concern challenges to the trial court's findings and conclusions and thus require our review of the record to resolve them. As best as we can tell, she is arguing that (1) the trial court abused its discretion by granting father temporary custody of the girls on an emergency basis; (2) she was not given a fair opportunity to present her case; (3) the children's attorney and GAL were biased in favor of father; (4) several of the court's findings and conclusions, including those concerning her allegations of sexual abuse by father, are unsupported by the evidence; (5) the court improperly relied upon hearsay contained in reports from the Department for Children and Families (DCF); and (6) the testimony of her eighteen-year-old daughter, who was not a subject of the proceedings but who testified on behalf of father, was not credible.

Most of these arguments, particularly those challenging the court's findings and conclusions, are unavailing because mother did not order a transcript of the proceedings. See V.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Without a record that includes the evidence presented in this case, we cannot conclude that the evidence does not support the court's findings and, in turn, its conclusions. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (holding that appellant's failure to order transcript precludes review of claims

2

on appeal). Nor can we adequately review mother's claim that she did not have a full opportunity to present her case. From the limited record we have, it appears that mother, who was represented by counsel, had a full opportunity over the two-day hearing to make her case. Moreover, we find no abuse of discretion in the court's decision not to reopen the hearing for mother to present more evidence. Father's motion to modify had been pending for over eighteen months and the court had already continued the hearing once because of mother's nonappearance. Following the close of evidence, the court granted mother's motion to reopen the evidence to allow her to present a psychiatric evaluation, but it became clear to the court at a status conference several weeks later that no evaluation would be forthcoming. Under these circumstances, the court acted well within its discretion in deciding to rule on the custody issue rather than keep the children in limbo for an uncertain period of time for mother to submit more evidence.

Mother's other issues are without merit. Her challenge to the temporary custody order is moot because the trial court's final custody decision supplanted the temporary order. The court's reliance on the DCF reports was not erroneous, given that the court explicitly stated that it was considering the reports "solely to show mother's history of contact with DCF and its responsive action or non-action." As for determining the credibility of witnesses and weighing the evidence, that task was for the trial court, not this Court on appeal. In short, the trial court issued a thorough decision that examined all of the relevant factors, and mother has failed to produce a record demonstrating any error warranting reversal of the court's decision.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3